FILED

2018 MAR 20  PM 1: 10

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | INFORMATION |
|---|---|---|
| Plaintiff, | ) | JUDGE GAUGHAN |
| v. | ) | CASE NO.: 1:18 CR 139 |
|  | ) | Title 18, Section 371, United States Code; Title 26, Section 7212(a), United States Code |
| PATRICK DIPIETRO, | ) | |
| Defendant. | ) | |

## General Allegations

At all times relevant:

1. Alphonso and Son, Inc., ("Company") was a sewage and plumbing business located in Oakwood Village, Ohio.

2. Business Executive 1 ("BE1") and Business Executive 2 ("BE2") co-owned the Company.

3. Defendant, PATRICK DIPIETRO ("DIPIETRO"), was a certified public accountant who prepared the personal tax returns for BE1 and BE2 and the business tax returns for the Company. DIPIETRO had an ownership interest in several businesses, including Business 1 and Business 3. DIPIETRO was an agent of Business 2.

# COUNT 1
### (Conspiracy to Defraud, Impede and Impair the IRS - Klein Conspiracy
### 18 U.S.C. § 371)

The United States Attorney charges:

4. Paragraphs 1-3 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

## THE CONSPIRACY

5. Beginning in or around 2007, and continuing through on or about April 15, 2012, the exact dates unknown to the United States Attorney, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant PATRICK DIPIETRO, BE1 (not charged herein) and BE2 (not charged herein), did knowingly and intentionally conspire, combine, confederate and agree together and with each other and with other persons known and unknown to the United States Attorney, to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue.

## OBJECTS OF THE CONSPIRACY

6. It was an object of the conspiracy that BE1, BE2 and the Company, with DIPIETRO's assistance, enriched themselves and their designees by depriving the United States of monies, in the form of tax due and owing.

7. It was a further object of the conspiracy that DIPIETRO enriched himself and his designees by receiving a percentage of the tax savings.

## MANNER AND MEANS

It was part of the conspiracy that:

8. DIPIETRO instructed BE1 and BE2 to write checks from the Company to Business 1, Business 2, or Business 3 in specific amounts.

9. DIPIETRO further instructed BE1 and BE2 to classify the checks in the Company's financial records as "rent" and "materials."

10. Neither Business 1, Business 2, nor Business 3 performed any service for, or delivered any goods to, the Company.

11. BE1, BE2, and DIPIETRO all knew that Business 1, Business 2, and Business 3 had no business relationships with the Company.

12. BE2 instructed another Company employee to prepare checks drawn on the Company's bank accounts payable to Business 1, Business 2, and Business 3, and to falsely classify the payments as "rent" and "materials" expenses, per DIPIETRO's instructions.

13. BE2 hand-delivered the Company checks payable to Business 1, Business 2, and Business 3 to DIPIETRO.

14. DIPIETRO caused the Company checks to be deposited.

15. Within days of DIPIETRO depositing a Company check, DIPIETRO caused checks to be issued payable to BE1 and BE2, each approximately 45 percent of the amount of the Company check DIPIETRO had deposited.

16. DIPIETRO kept the remaining approximately 10 percent of the check deposited for his use and the use of his designees.

17. DIPIETRO told BE1 and BE2 that his 10 percent "fee" was less than the amount of Federal income taxes that would be due and owing had BE1 and BE2 taken the money

3

directly from the Company's financial accounts and had properly categorized the payments in the Company's accounting system.

18. DIPIETRO prepared IRS Form 1040s for both BE1 and BE2 for the tax years 2007 through and including 2011.

19. DIPIETRO failed to include the payments BE1 and BE2 received from the Company on tax returns DIPIETRO prepared for BE1 and BE2 that was laundered through Business 1, Business 2 and Business 3 even though DIPIETRO knew the amounts represented taxable income to BE1 and BE2.

20. BE1 and BE2 signed and filed personal and business income tax returns for the years 2007 through and including 2011 knowing that said tax returns falsely understated their income and falsely overstated the Company's expenses.

21. DIPIETRO also prepared Federal Income Tax Returns for the Company for the tax years 2007 through and including 2011, on which DIPIETRO improperly deducted the payments to Business 1, Business 2, and Business 3 as business expenses, when, in fact, DIPIETRO knew those payments constituted taxable income to both BE1 and BE2.

22. BE1, BE2, and the Company enriched themselves and their designees by paying a lesser amount in federal income taxes than the amounts rightfully due and owing.

## OVERT ACTS

23. In furtherance of the conspiracy, and to effect the objects thereof, BE1, BE2, and DIPIETRO committed the following overt acts in the Northern District of Ohio and elsewhere:

4

24. On or about the following dates, BE1 and BE2 caused the following checks to be issued from the Company to Business 1, Business 2, and Business 3, each check constituting a separate overt act:

|    | Check Date | Check # | Payee |
|----|------------|---------|-------|
| A. | 2/23/2007  | 1155    | Business 2 |
| B. | 2/23/2007  | 1157    | Business 2 |
| C. | 2/23/2007  | 1849    | Business 1 |
| D. | 2/23/2007  | 1851    | Business 1 |
| E. | 4/18/2007  | 1174    | Business 2 |
| F. | 4/18/2007  | 1176    | Business 2 |
| G. | 4/18/2007  | 1878    | Business 1 |
| H. | 6/15/2007  | 1908    | Business 1 |
| I. | 6/15/2007  | 1193    | Business 2 |
| J. | 9/28/2007  | 1234    | Business 2 |
| K. | 9/28/2007  | 1235    | Business 2 |
| L. | 9/28/2007  | 1955    | Business 1 |
| M. | 3/11/2008  | 1276    | Business 2 |
| N. | 3/11/2008  | 1277    | Business 2 |
| O. | 6/26/2008  | 1312    | Business 2 |
| P. | 6/26/2008  | 1476    | Business 3 |
| Q. | 9/29/2008  | 1333    | Business 2 |
| R. | 9/29/2008  | 2120    | Business 1 |
| S. | 11/7/2008  | 1347    | Business 2 |

| | | | |
|---|---|---|---|
| T. | 11/7/2008 | 2145 | Business 1 |
| U. | 9/3/2009 | 1424 | Business 2 |
| V. | 9/3/2009 | 1421 | Business 2 |
| W. | 9/3/2009 | 2279 | Business 1 |
| X. | 10/6/2009 | 1432 | Business 2 |
| Y. | 10/6/2009 | 2296 | Business 1 |
| Z. | 11/10/2010 | 1576 | Business 2 |
| AA. | 11/16/2010 | 2456 | Business 1 |
| BB. | 11/16/2010 | 1592 | Business 3 |
| CC. | 1/5/2011 | 1592 | Business 2 |
| DD. | 1/5/2011 | 2471 | Business 1 |
| EE. | 9/26/2011 | 2578 | Business 1 |
| FF. | 9/27/2011 | 1674 | Business 2 |
| GG. | 9/27/2011 | 2576 | Business 1 |
| HH. | 9/26/2011 | 1613 | Business 3 |
| II. | 9/26/2011 | 1615 | Business 3 |

25. On or about the following dates, BE1 signed and filed IRS Forms 1040, U.S. Individual Income Tax Returns prepared by PATRICK DIPIETRO, knowing that such returns falsely reported the tax due and owing, each return constituting a separate overt act:

JJ. April 8, 2008

KK. April 13, 2009

LL. April 15, 2010

MM. April 15, 2011

NN.    April 11, 2012

26.    On or about the following dates, BE2 signed and filed IRS Forms 1040, U.S. Individual Income Tax Returns prepared by PATRICK DIPIETRO, knowing that such returns falsely reported the tax due and owing, each return constituting a separate overt act:

OO.    April 15, 2009

PP.    April 15, 2010

QQ.    April 15, 2011

RR.    April 15, 2012

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Attempt to Interfere with the Administration of Internal Revenue Laws
26 U.S.C. § 7212(a))

The United States Attorney further charges:

27.    Paragraphs 1 through 3, and 6 through 26 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

28.    Between on or about May 1, 2012, and on or about October 1, 2013, in the Northern District of Ohio, Eastern Division, Defendant PATRICK DIPIETRO did knowingly endeavor to impede, obstruct or interfere an officer or employee of the United States acting in an official capacity under Title 26, United States Code, with the due administration of laws in Title 26, United States Code.

All in violation of Title 26, United States Code, Section 7212(a).

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
MICHAEL COLLYER
Chief, White Collar Crime Unit